### 30709. ORR *v.* THE STATE.

DECIDED JANUARY 17, 1945.

*Carlton Wright, M. G. Hicks,* for plaintiff in error.
*Henderson Lanham, solicitor-general,* contra.

GARDNER, J. Julius Orr was tried on an indictment for murder and convicted of voluntary manslaughter. To the judgment overruling his motion for a new trial he excepted on the general grounds only.

The evidence for the State reveals that the deceased and his brother-in-law, about three or four hours before the homicide, had a difficulty with the defendant arising from the results of a card game. After this difficulty, we next find from the evidence that the deceased and his wife were visiting at the home of a friend, and

were sitting on the porch. From the evidence we next find the defendant on the porch where the deceased was visiting. The wife of the deceased had gone inside the house. She heard a noise and loud talking between the deceased and the defendant. Thus attracted, she came from the house onto the porch, where she observed the defendant with a pistol pointed at the deceased, with the deceased against the wall. She stepped in between them, whereupon the defendant ordered her to get out of the way. He then shot the deceased, inflicting a wound, from which the deceased died. The wife of the deceased testified further that at the time the shot was fired the deceased had no weapon of any kind.

The defendant in his statement contended that after the previous difficulty the deceased had approached him and apologized for his conduct in the previous difficulty, and invited the defendant to meet him at the place where the homicide occurred; that in response to this invitation he went, thinking in good faith that the deceased had repented. But that on approaching the deceased, the deceased, gritting his teeth, said in effect that he just wanted to get him down there to kill him, and that the brother-in-law of the deceased, who was engaged in the previous difficulty, was in the house. Whereupon the deceased ran at the defendant and reached over at him. Then it was that the defendant pulled his pistol and fired on the deceased in self-defense. There was some unsubstantial conflicts in the State's evidence; but as a whole the evidence amply sustains the verdict. The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*